IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN SECTION

MARTAVIOUS BANKS,

    Plaintiff,

vs.                                      Docket No.
                                        JURY TRIAL DEMANDED

CITY OF MEMPHIS,
JAMARCUS JEAMES,
CHRISTOPHER NOWELL, MICHAEL WILLIAMS,
INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY AS CITY OF MEMPHIS
POLICE OFFICERS,

    Defendants.

_____

**COMPLAINT FOR DAMAGES**
_____

COMES NOW Plaintiff Martavious Banks, by and through counsel, and files this Complaint for Damages (hereinafter "Complaint") the City of Memphis (hereinafter "City") and Jamarcus Jeames, Christopher Nowell and Michael Williams (collectively hereinafter "Individual Defendants") and states as follows:

### I.     INTRODUCTION

This action arises under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution; under federal law, specifically, 42 U.S.C. §§1983 and 1988; under the Tennessee governmental tort liability statutes; under Tenn. Code Ann. §29-20-101, et seq., and under Tennessee common law for negligence, assault and battery, and false imprisonment.

1

On September 17, 2018 while the individual Defendants were acting in the scope of their employment and under color of state law, they unlawfully assaulted, brutalized and shot the Plaintiff over twenty (20) times causing him to suffer great physical, mental and emotional injuries. The unlawful assault of the Plaintiff resulted from the use of excessive force and the Defendants took actions to conceal the true nature of events and what occurred by causing the In-Car Camera System and Body Worn Camera (BWC) to be turned off prior to the shooting and assault.

This action is also brought against the City of Memphis for its failure to properly train and supervise the individual Defendants, failure to prevent and its acquiescence in the unlawful conduct committed by the individual Defendants, the allowance of the individual Defendants to exercise official authority while concealing his actions and use of excessive force and unlawful arrest of the Plaintiff.

## II.    **PARTIES**

1.      Plaintiff Martavious Banks (hereinafter "Plaintiff McDonald") is an adult resident of Memphis, Shelby County, Tennessee.

2.      Defendant City of Memphis is a municipal entity, located in Shelby County, Tennessee, recognized by the State of Tennessee as a properly organized and legal municipal entity and can be served with process through its city attorney, Bruce McMullen at his office located at 125 North Main, Suite 336, Memphis, TN 38103.

3.      At all times relevant hereto, Defendant Jamarcus Jeames was an employee and officer of the City of Memphis.  Defendant Jeames can be found at 201 Poplar Avenue, Memphis, Tennessee 38103 or his residence for service of process purposes. Defendant Jeames is being sued in both his official capacity as an officer of the Memphis

2

Police Department and in his individual capacity for actions or inactions taken by him individually.

4. At all times relevant hereto, Defendant Christopher Nowell was an employee and officer of the City of Memphis. Defendant Nowell can be found at 201 Poplar Avenue, Memphis, Tennessee 38103 for service of process purposes. Defendant Nowell is being sued in both his official capacity as an officer of the Memphis Police Department and in his individual capacity for actions or inactions taken by him individually.

5. At all times relevant hereto, Defendant Michael Williams was an employee and officer of the City of Memphis. Defendant Williams can be found at 201 Poplar Avenue, Memphis, Tennessee 38103 for service of process purposes. Defendant Williams is being sued in both his official capacity as an officer of the Memphis Police Department and in his individual capacity for actions or inactions taken by him individually.

### III. JURISDICTION AND VENUE

6. The acts and omissions described in this Complaint all occurred in Memphis, Shelby County, Tennessee and venue is appropriate in this judicial district.

7. The jurisdiction of this lawsuit is proper in the United States District Court for the Western District of Tennessee, Western Division. Jurisdiction lies with this Court pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367.

### IV. FACTS PERTAINING TO THE UNPROVOKED ATTACK ON THE PLAINTIFFS

8. Upon information and belief, the Individual Defendants are patrol officers with the City of Memphis.

9. On September 17, 2018 at or around 18:00 hours, Plaintiff was stopped by one (1) or more of the Individual Defendants in the 1200 block of Gill Avenue in Memphis, Shelby County, Tennessee.

10. The Individual Officers made up a false and/or pretext reason to stop the Plaintiff and told him that "when I run your tags that say you don't got any insurance, have you bought any recently."

11. Neither the Individual Officers nor the City if Memphis has any ability to check on whether a vehicle is insured through any available electronic means.

12. After the brief face-to-face interaction and the falsehood communicated by the Individual officers, the Plaintiff became afraid for his live and fled in his vehicle.

13. At all times, prior to Plaintiff fleeing the stop, the Individual Officers In-Car Camera Systems and Body Worn Cameras (BWC) were on, activated and recording the events.

14. After Plaintiff fled the stop, the Individual Officers gave chase in their vehicles.

15. At all times, after the Plaintiff fled the stop, the Individual Officers turned off their In-Car Camera Systems and Body Worn Cameras (BWC) to prevent these electronic devices from recording the events and their activities.

16. Plaintiff stopped his vehicle and fled on foot.

17. After the Plaintiff stopped his vehicle the Individual Officers stopped their vehicles and chased him on foot.

18. Plaintiff ran to a residence at 1268 Gill Avenue and was attempting to enter the front door of the house when he was shot multiple times by one or more Individual Defendants.

19. When other Memphis Police Officers arrived at the scene where the Plaintiff was shot, they were advised to turn off their BWC's by the City of Memphis.

20. In order to avoid a verbal or audio record of the events, Memphis police officers at the scene wrote handwritten notes to each other.

**V. CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE CITY OF MEMPHIS**

**i. The City's Custom and/or Practice of Permitting Police Officers to Stop Citizens on a Pretext Basis**

21. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

22. Defendant City of Memphis implicitly or explicitly adopted and implemented careless and reckless policies, procedures, customs, or practices that included authorizing employees of the Memphis Police Department to stop motorist for false and /or pretext reasons.

23. The Individual Defendants were following the policies of the City of Memphis when they stopped the Plaintiff.

24. The City of Memphis knew, or should have known, that one or more of the individual Defendants in performing policing within the course and scope of their employment would commit assaults on motorist, and in this case the Plaintiff.

25. The City of Memphis did not take any actions to stop the Individual Defendants' from carrying out its policies, procedures and customs that resulted in a false basis to stop motorist, and in this case the Plaintiff.

26. The City of Memphis knew, or should have known, that in the absence of official action to stop the Individual Defendants from following its policies, procedures and customs, the Individual Defendants were likely to engage in conduct including but not limited to the use of excessive force, and unlawful arrest of citizens like the Plaintiff.

27. The failure of the City of Memphis to adequately implement and enforce polices procedures, train and/or supervise the Individual Defendants amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States.

28. As a result of this deliberate indifference to the Plaintiffs' rights, the Plaintiff suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

### ii. The City's Acquiescence to the Individual Defendants' Use of Official Authority under False Pretenses

29. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

30. Upon information and belief, the Individual Defendants were aware that they had no factual or legal basis to have stopped the Plaintiff.

31. Defendant City of Memphis implicitly and/or explicitly adopted and implemented careless and reckless policies, procedures, customs, or practices

authorizing officer employees of the Memphis Police Department to perform their official police duties, under false pretenses.

32. The City of Memphis knew, or should have known, that its officers routinely perform their official police duties, including but not limited to affecting arrests of a citizens under false pretenses.

33. The City of Memphis did not take any actions to stop the performance of official police duties by officers under false pretenses.

34. The City of Memphis knew or should have known that, in the absence of a reasonable procedure, policy, training or supervision to deter police officers from affecting an arrest of citizens under false pretenses, citizens including the Plaintiffs would be subject to unlawful stops, assaults, excessive force, and unlawful arrest by police officers.

35. The failure of the City of Memphis to adequately implement polices procedures, train or supervise the Individual Defendants amounts to deliberate indifference to the rights of the Plaintiff to be free from excessive force and unreasonable seizures under the Fourth, Fifth, Eight, and Fourteenth Amendments to the Constitution of the United States.

36. As a result of this deliberate indifference to the Plaintiffs' rights, the Plaintiff suffered personal injuries and is entitled to relief under 42 U.S.C. §1983.

**iv. General Allegations Germane to the City's Constitutional Violations**

37. The above described actions of the City and the Individual Officers, in their official capacity, were taken under color of state law and in violation of the rights secured to the Plaintiffs by the Fourth, Fifth, Eighth and Fourteenth Amendments of the Constitutions of the United States. These include, but are not limited to, the right to be

free from the excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occur without due process of law and the right to a fair trial.

38. At all relevant times, the Plaintiff had a right to be free from excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occur without due process of law and the right to a fair trial. Each of these rights were clear and well-established at the time of the incidents and facts alleged herein.

39. At all relevant times herein, the City failed to exercise its ability and duty to intervene for the purpose of preventing the acts complained of herein.

40. The City of Memphis is responsible for the hiring, training, and control of all personnel of the Memphis Police Department. The City of Memphis establishes the Memphis Police Department's policy with respect to the manner in which persons are arrested, the use of force in arrest, the consumption of alcohol and performance of official police duties by on-duty and off-duty police officers within the City of Memphis.

41. The City of Memphis is liable because:

(i) The Plaintiffs' rights were violated pursuant to these unconstitutional policies and/or customs, whether express or implicit;

(ii) the City of Memphis had actual or constructive knowledge of the same or similar conduct by the Memphis Police Department's employees including the Individual Defendants, and acted with deliberate indifference regarding same;

(iii) the City of Memphis' failed to act to prevent such misconduct and deprivation of rights which permitted the same to become the policy and/or custom of the Memphis Police Department.

42. The failure of the Defendant City of Memphis to hire, adequately train and/or supervise Memphis Police Department personnel, including but not limited to the Individual Defendants, is derived from inadequate and constitutionally deficient hiring procedures, training procedures, and procedures involving the investigation of complaints against and discipline of Memphis police officers, and said failure amounts to a deliberate indifference to the rights of persons with whom Memphis police officers come into contact.

43. The misconduct and deprivation of the Plaintiffs' rights by the City of Memphis and Memphis Police Department personnel as described herein was reasonably foreseeable to the Defendant City of Memphis.

44. The remedies available under Tennessee law for redressing the deprivation of the Plaintiffs' constitutional rights are inadequate.

45. The conduct of Defendants was willful, malicious, oppressive and/or reckless, and was of such a nature that punitive damages should be imposed in an amount commensurate with the wrongful acts alleged herein.

46. The Individual Defendants, acted under color of law and in their official capacity, to deprive the Plaintiffs of their right to be free from the excessive use of force, the right to be free from deprivations of liberty, the right to be free from summary punishment that occur without due process of law and the right to a fair trial. The Defendants' actions described herein directly and proximately caused the Plaintiffs' physical and mental pain and suffering, both past and future; and medical and psychological expenses, both past and future.

47. As a direct and proximate result of the policies, procedures, customs, and actions of the Defendants, the Plaintiff suffered deprivations of his constitutional rights,

physical and mental pain and suffering, both past and future; and medical and psychological expenses, both past and future.

## VI. CAUSE OF ACTION PURSUANT TO 42 U.S.C. § 1983 AGAINST THE INDIVIDUAL DEFENDANTS, INDIVIDUALLY

48. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

49. The Individual Defendants individually and under color of law acted willfully, maliciously, unreasonably, recklessly and with deliberate indifference to, and with intentional and wanton disregard of the constitutional and federally protected civil rights of the Plaintiff.

50. The aforesaid conduct of the Individual Defendants was motivated by evil motive or intent and involved willful, reckless and callous indifference to the federally protected rights of the Plaintiff.

51. A reasonable official in the Individual Defendants' position would have understood that the aforesaid conduct violated the clearly established constitutional rights of the Plaintiff.

52. By virtue of the foregoing, the Individual Defendants are liable to the Plaintiff, pursuant to 42 U.S.C.A. § 1983. The Individual Defendants, acting individually and under color of state law, engaged in a course of conduct which caused pain, suffering, and injuries to the Plaintiff, and violated his rights as guaranteed by the Fourth, Eighth, and Fourteenth Amendments of the Constitution of the United States and Article I, Section 7 of the Tennessee Constitution. These include, but are not limited to, the right to be free from the excessive use of force, the right to be free from deprivations of liberty and the

right to be free from summary punishment that occurs without due process of law and the right to a fair trial.

53. As a direct and proximate result of the actions of Individual Defendants, the Plaintiff suffered deprivation of his constitutional rights, physical and mental pain and suffering, both past and future; and medical and psychological expenses, both past and future.

### VII. CLAIM AGAINST THE CITY OF MEMPHIS PURSUANT TO THE TENNESSEE GOVERNMENTAL TORT LIABILITY ACT

54. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

55. Defendant, City of Memphis, by or through its agents, servants and employees, is guilty of negligent acts or omissions where immunity has been removed under Tenn. Code Ann. §29-20-205.

56. The agents, servants, and/or employees of the City of Memphis were negligent permitting a stop under false pretenses that lead to the false imprisonment of the Plaintiff without probable cause to support the arrest and said negligence was committed within the scope of the employment of the agents, servants, and/or employees of the City of Memphis.

57. The false imprisonment of the Plaintiff was not pursuant to a mittimus from a court.

58. The City of Memphis had actual and constructive notice that its agents, servants, and/or employees falsely imprisoned the Plaintiff without probable cause.

59. The City of Memphis had a duty to supervise and prevent its agents, servants, and/or employees from falsely imprisoning civilians and citizens, including the Plaintiff, without probable cause and breached its duty by the acts complained of herein.

60. As a direct and proximate cause of the City of Memphis' breach of duties, the Plaintiff sustained great personal injuries for which damages are sought.

### VIII. CIVIL ASSAULT AND BATTERY

61. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

62. The Individual Defendants' conduct as set forth herein was intentional and constitutes civil assault and battery for which they are liable to the Plaintiffs.

63. Further, to the extent that the Individual Defendants were acting within the course and scope of their employment when they assaulted and battered the Plaintiff and may claim that they were acting within their discretion, the Plaintiff avers that the Individual Defendants greatly or substantially exceeded their authority and caused the Plaintiff great physical, emotional and mental harm.

64. The Individual Defendants' conduct is the proximate cause of the Plaintiff's injuries, including physical injuries, great humiliation, mental anguish, mental and emotional distress, extreme embarrassment, for which damages are sought.

### IX. FALSE ARREST AND FALSE IMPRISONMENT

65. The Plaintiff repeats, re-alleges, and incorporates herein each of the preceding paragraphs as if fully set forth herein.

66. The Individual Defendants, acting individually and in concert, knowingly, intentionally and recklessly arrested and imprisoned the Plaintiff against his will, falsely and without just cause and/or probable cause.

67. The Individual Defendants' conduct was in reckless disregard for the safety and wellbeing of the Plaintiff who was not engaged in criminal activity at the time of the stop, shooting and/or arrest.

68. Further, to the extent that the Individual Defendants were acting within the course and scope of their employment when they falsely arrested and imprisoned the Plaintiff and may claim that they were acting within their discretion, the Plaintiff avers that the Individual Defendants greatly or substantially exceeded their authority and caused the Plaintiffs harm.

69. The Individual Defendants' conduct is the proximate cause of the Plaintiff's injuries, including physical injuries, great humiliation, mental anguish, mental and emotional distress, extreme embarrassment, and attorney's fees and expenses related to criminal proceeding, for which damages are sought.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff demands that a jury be empaneled to try the issues raised herein which are properly triable before a jury of their peers and prays for a judgment against the Defendants referenced above for the following:

(i) Compensatory damages for both the federal and state court claims in an amount of $10,000,000.00 or an amount the jury may determine just and proper under the circumstances and/or which may be permitted by law

(ii) Punitive damages be awarded against the Defendants;

(iii) Attorney's fees and costs pursuant to 42 U.S.C. §1988;

(iv) Pre and post judgment interest;

(v) Discretionary costs; and

(vi) All such further relief, both general and specific, to which Plaintiff may be entitled or to which he may show himself entitled.

Respectfully submitted,

By: /s/ Arthur E. Horne, III
Arthur E. Horne, III (BPR #020475)
Brinkley Plaza
80 Monroe Avenue, Garden Suite One
Memphis, Tennessee 38103
Telephone: 901.312.9160
Facsimile: 901.312.9160

William Murphy – *pro hac vice* anticipated
Murphy, Falcon & Murphy
One South Street
23rd Floor
Baltimore, MD 21202

*Attorneys for Plaintiff*