IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

| | |
|---|---|
| MARTAVIOUS BANKS, ) <br> ) <br>    Plaintiff, ) <br> ) <br> vs. ) <br> ) No. 2:19-cv-2626-JTF-dkv <br> CITY OF MEMPHIS, JAMARCUS JEAMES, )   JURY DEMANDED <br> CHRISTOPHER NOWELL, ) <br> MICHAEL WILLIAMS, individually and in their ) <br> Official capacity as City of Memphis police officers, ) <br> ) <br>    Defendants. | |

### ANSWER OF THE CITY OF MEMPHIS AND DEFENDANTS JAMARCUS JEAMES, CHRISTOPHER NOWELL, AND MICHAEL WILLIAMS, IN THEIR OFFICIAL CAPACITIES ONLY, TO PLAINTIFF'S COMPLAINT

The Defendant, City of Memphis (the "City") and Defendants Jamarcus Jeames, Christopher Nowell, and Michael Williams, in their official capacities only (collectively "OC Defendants), by and through undersigned counsel, and pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure and submit the following Answer to Plaintiff's Complaint:

Unless otherwise stated, answers of the City herein will serve as answers of the OC Defendants to the extent applicable. The City avers and states as a defense that official capacity claims against individual police officers employed by the City during all times relevant to the instant Complaint are claims against the City and therefore redundant and subject to dismissal.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted against the City.

### SECOND DEFENSE

The City affirmatively pleads all applicable federal and state statute of limitations.

1

### THIRD DEFENSE

The City expressly denies that any of the City's employees and/or agents engaged in any behavior or activity or otherwise that would constitute a constitutional violation of Plaintiff's rights. The City did not engage or participate in, authorize, permit, direct, tolerate or ratify any alleged unlawful, improper or otherwise actionable conduct. Accordingly, the City has no liability.

### FOURTH DEFENSE

Plaintiff's own conduct constituted the sole proximate cause of any injuries allegedly sustained and of any damages allegedly resulting therefrom, and as such, Plaintiff is barred from recovery.

### FIFTH DEFENSE

The City has no custom, policy, or practice of authorizing its police officers to engage in unlawful acts, specifically any and all acts set forth in Plaintiff's Complaint.

### SIXTH DEFENSE

There is no causal connection between any City policy, practice or custom and any injury or damage to Plaintiff.

### SEVENTH DEFENSE

The City is entitled to sovereign immunity and any state law claims asserted by Plaintiff against the City are subject to the Tennessee Governmental Tort Liability Act and the defenses set out therein Tenn. Code Ann. §29-20-201 *et seq*.

### EIGHTH DEFENSE

While denying any negligence on the part of the City, the City relies on the doctrine of comparative fault as a bar to, or in mitigation of Plaintiff's claims.

### NINTH DEFENSE

Plaintiffs have asserted claims against Defendants Jamarcus Jeames, Christopher Nowell, and Michael Williams their official capacities; however, an official capacity suit is a suit against the governmental entity served by those officers, for all purposes. *Leach v. Shelby County Sheriff,* 891 F.2d 1241, 1245-46 (6th Cir.1990) (holding that the plaintiff's suit against the Mayor and the Sheriff of Shelby County in their official capacities was "essentially and for all purposes[ ] a suit against the County itself"); *Uhuru v. City of Memphis*, No. 08-2150-V, 2008 WL 4646156, at *3 (W.D. Tenn. Oct. 17, 2008) (dismissing claims against the MPD, the MPD Director, and three MPD officers in their official capacities: "The City is the real party in interest, and it has already been named as a defendant and served[.] [thus, [i]t is unnecessary to sue…any of the individuals in their official capacities because any judgment against them would be deemed as a judgment against the City.") The claims brought against Defendants Jamarcus Jeames, Christopher Nowell, and Michael Williams their official capacities are subject to dismissal because they and the City are considered one for purposes of liability.  *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that governmental entities were the only "true defendants" where individuals were sued in their official capacities).

Defendants reserve the right to raise any additional defenses as they become known during the course of discovery.

## TENTH DEFENSE

Defendants respond to each of Plaintiff's numbered paragraphs of the Complaint as follows:

The City denies that Plaintiff has a cause of action as set forth in the "Introduction" in the Complaint and the City denies all allegations contained therein.

1.      The City is without sufficient knowledge, information or belief to admit or deny the allegations in Paragraph 2 and therefore, denies the same.

2. Admitted.

3. Paragraph 3 does not contain allegations directed at the City. To the extent a response is required, the City admits Defendant Jamarcus Jeames was employed by the Memphis Police Department during the relevant timeframe, but denies all remaining allegations. The City avers that official capacity claims are claims against the City and should be dismissed.

4. Paragraph 4 does not contain allegations directed at the City. To the extent a response is required, the City admits Defendant Christopher Nowell was employed by the Memphis Police Department during the relevant timeframe, but denies all remaining allegations. The City avers that official capacity claims are claims against the City and should be dismissed.

5. Paragraph 5 does not contain allegations directed at the City. To the extent a response is required, the City admits Defendant Michael Williams was employed by the Memphis Police Department during the relevant timeframe, but denies all remaining allegations. The City avers that official capacity claims are claims against the City and should be dismissed.

6. The City admits that venue is proper in Shelby County but denies the occurrence of any acts or omissions that would give rise to a cause of action against the City. The City also denies that Plaintiff has asserted a cause of action against the City, generally.

7. The City admits Plaintiff has brought this claim pursuant to 42 U.S.C. §§ 1983 and 1988 and alleged violations of various amendments under the United Stated Constitution; however, the City denies that the Complaint states a cause of action against it.

8. The City admits that during the relevant timeframe, the named individual officers were patrol officers with the Memphis Police Department. The City denies the remaining allegations of Paragraph 8.

9. Admitted on information and belief that on or about September 17, 2018, Plaintiff was stopped by the individual Defendants in Memphis, Shelby County, Tennessee. The City is without sufficient knowledge, information or belief to admit or deny the remaining allegations of Paragraph 9 and therefore, denies them.

10. The City denies the allegations contained in Paragraph 10.

11. The City denies the allegations contained in Paragraph 11.

12. The City is without sufficient knowledge, information or belief to admit or deny allegations relating to Plaintiff's mental state. The remaining allegations contained in paragraph 12 are denied.

13. The City admits the allegations in Paragraph 13 on information and belief.

14. The City is without sufficient knowledge, information or belief to admit or deny the allegations of Paragraph 14 and therefore, denies same.

15. The City denies the allegations in Paragraph 15 upon information and belief.

16. The City admits the allegations in Paragraph 16 upon information and belief.

17. The City admits upon information and belief that Officer Williams and Officer Jeames stopped their vehicles and chased Plaintiff on foot. The City denies the remaining allegations in Paragraph 17 on information and belief.

18. The City admits upon information and belief, that an individual officer shot Plaintiff as he was attempting to enter a residence at 1268 Gill Avenue. The City denies the remaining allegations contained in Paragraph 18.

19. The City denies the allegations contained in Paragraph 19.

20. The City is without sufficient knowledge, information or belief to admit or deny the allegations contained in Paragraph 20 and therefore, denies them.

21. The City reasserts and incorporates its answers to the allegations contained in Paragraphs 1-21 as if fully set forth herein, and denies that Plaintiff states a cause of action against the City under 42 U.S.C. §1983.

22. The City denies the allegations contained in Paragraph 22.

23. The City avers that the allegations set forth in paragraph 23 refer to "policies of the City of Memphis," but fails to identify the referenced policies and as such are unclear and vague. Accordingly, the allegations set forth in paragraph 23 are denied.

24. The City denies the allegations contained in Paragraph 24.

25. The City denies the allegations contained in Paragraph 25.

26. The City denies the allegations contained in Paragraph 26.

27. The City denies the allegations contained in Paragraph 27.

28. The City denies the allegations contained in Paragraph 28.

29. The City reasserts and incorporates its answers to the allegations contained in Paragraphs 1-29 as if fully set forth herein, and denies acquiescence on the part of the City is all respects.

30. The allegations set forth in paragraph 30 are not directed to the City and therefore, no response is required. To the extent paragraph 30 requires a response from the City, the allegations set forth therein are denied.

31. The City denies the allegations contained in Paragraph 31.

32. The City denies the allegations contained in Paragraph 32.

33. The City denies the allegations contained in Paragraph 33.

34. The City denies the allegations contained in Paragraph 34.

35. The City denies that it failed to adequately implement policies, procedures, training and supervision. The remaining allegations contained in paragraph 35 call for a legal conclusion and, therefore, no answer is required. To the extent that the remaining allegations set forth in paragraph 35 require an answer, those allegations are denied.

36. The City admits, on information and belief, that Plaintiff sustained injuries during the time period relevant to the instant Complaint. The remaining allegations contained in paragraph 36 call for a legal conclusion and, therefore, no answer is required. To the extent that the remaining allegations set forth in paragraph 36 require an answer, those allegations are denied.

37. The allegations contained in paragraph 37 call for a legal conclusion and, therefore, no answer is required. To the extent that the allegations set forth in paragraph 37 require an answer, those allegations are denied.

38. The allegations contained in paragraph 38 call for a legal conclusion and, therefore, no answer is required. To the extent that the allegations set forth in paragraph 38 require an answer, those allegations are denied.

39. The City denies the allegations contained in Paragraph 39.

40. Admitted that the Memphis Police Department is a division of the City of Memphis, and that persons employed within that division are City of Memphis employees. The City avers that the Memphis Police Department establishes policies and procedures specific to its function, and that persons employed within that division are subject to said policies and procedures as well as the City's policies and procedures.

41. As to the allegations contained in Paragraphs 41(i) through (iii):

    i.  The allegations contained in paragraph 41(i) call for a legal conclusion and, therefore, no answer is required.  To the extent that the allegations set forth in paragraph 41(i) require an answer, those allegations are denied.

    ii.  The City denies the allegations contained in Paragraph 41 (ii).

    iii.  The allegations contained in paragraph 41(iii) call for a legal conclusion and, therefore, no answer is required.  To the extent that the allegations set forth in paragraph 41(iii) require an answer, those allegations are denied

  42.  The City denies that inadequate hiring, training, and supervision occurred within the Memphis Police Department.  The remaining allegations contained in paragraph 42 call for a legal conclusion and, therefore, no answer is required.  To the extent that the remaining allegations set forth in paragraph 42 require an answer, those allegations are denied.

  43.  The allegations contained in paragraph 43 call for a legal conclusion and, therefore, no answer is required.  To the extent that the allegations set forth in paragraph 43 require an answer, those allegations are denied.

  44.  The City denies that Plaintiff has stated a cause of action against the City and that Plaintiff is entitled to any remedy whatsoever.  Further, the allegations contained in paragraph 44 call for a legal conclusion and, therefore, no answer is required.  To the extent that the allegations set forth in paragraph 44 require an answer, those allegations are denied.

  45.  The allegations contained in paragraph 45 call for a legal conclusion and, therefore, no answer is required.  To the extent that the allegations set forth in paragraph 45 require an answer, those allegations are denied.

46. The allegations set forth in paragraph 46 are not directed to the City. To the extent the allegations contained in paragraph 46 are directed to the City or the OC Defendants, the allegations are denied.

47. The allegations contained in paragraph 47 call for a legal conclusion and, therefore, no answer is required. To the extent that the allegations set forth in paragraph 47 require an answer, those allegations are denied.

48. The City reasserts and incorporates its answers to the allegations contained in Paragraphs 1-48 as if fully set forth herein.

49. The allegations contained in Paragraph 49 of the Complaint are not directed at the City and therefore, no response is required. To the extent that the allegations in Paragraph 49 may affect the rights or liabilities of the City, said allegations are denied.

50. The allegations contained in Paragraph 50 of the Complaint are not directed at the City and therefore, no response is required. To the extent the allegations in Paragraph 50 may affect the rights or liabilities of the City, said allegations are denied.

51. The allegations contained in Paragraph 51 of the Complaint are not directed at the City and therefore, no response is required. To the extent the allegations in Paragraph 51 may affect the rights or liabilities of the City, said allegations are denied.

52. The allegations contained in Paragraph 52 of the Complaint are not directed at the City and therefore, no response is required. To the extent the allegations in Paragraph 52 may affect the rights or liabilities of the City, said allegations are denied.

53. The allegations contained in Paragraph 53 of the Complaint are not directed at the City and therefore, no response is required. To the extent the allegations in Paragraph 53 may affect the rights or liabilities of the City, said allegations are denied.

54. The City reasserts and incorporates its answers to the allegations contained in Paragraphs 1-54 as if fully set forth herein, and denies that Plaintiff states a claim under the Tennessee Governmental Tort Liability Act.

55. The City denies the allegations contained in Paragraph 55.

56. The allegations contained in paragraph 56 call for a legal conclusion and, therefore, no answer is required. To the extent that the allegations set forth in paragraph 56 require an answer, those allegations are denied.

57. The allegations contained in paragraph 57 call for a legal conclusion and, therefore, no answer is required. To the extent that the allegations set forth in paragraph 57 require an answer, those allegations are denied.

58. The City denies the allegations contained in Paragraph 58.

59. The allegations contained in paragraph 59 call for a legal conclusion and, therefore, no answer is required. To the extent that the allegations set forth in paragraph 59 require an answer, those allegations are denied.

60. The allegations contained in paragraph 60 call for a legal conclusion and, therefore, no answer is required. To the extent that the allegations set forth in paragraph 60 require an answer, those allegations are denied.

61. The City reasserts and incorporates its answers to the allegations contained in Paragraphs 1-61 as if fully set forth herein.

62. The allegations contained in Paragraph 62 of the Complaint are not directed at the City and therefore, no response is required. To the extent the allegations in Paragraph 62 may affect the rights or liabilities of the City, said allegations are denied.

63. The allegations contained in Paragraph 63 of the Complaint are not directed at the City and therefore, no response is required. To the extent the allegations in Paragraph 63 may affect the rights or liabilities of the City, said allegations are denied.

64. The allegations contained in Paragraph 64 of the Complaint are not directed at the City and therefore, no response is required. To the extent that the allegations in Paragraph 64 may affect the rights or liabilities of the City, said allegations are denied.

65. The City reasserts and incorporates its answers to the allegations contained in Paragraphs 1-65 as if fully set forth herein.

66. The allegations contained in Paragraph 66 of the Complaint are not directed at the City and therefore, no response is required. To the extent that the allegations in Paragraph 66 may affect the rights or liabilities of the City, said allegations are denied.

67. The allegations contained in Paragraph 67 of the Complaint are not directed at the City and therefore, no response is required. To the extent that the allegations in Paragraph 67 may affect the rights or liabilities of the City, said allegations are denied.

68. The allegations contained in Paragraph 68 of the Complaint are not directed at the City and therefore, no response is required. To the extent that the allegations in Paragraph 68 may affect the rights or liabilities of the City, said allegations are denied.

69. The allegations contained in Paragraph 69 of the Complaint are not directed at the City and therefore, no response is required. To the extent that the allegations in Paragraph 69 may affect the rights or liabilities of the City, said allegations are denied.

The City denies that Plaintiff is entitled to any relief whatsoever. All allegations not heretofore admitted or denied are hereby expressly denied.

WHEREFORE, PREMISES CONSIDERED, the City prays that Plaintiff's complaint be dismissed at Plaintiff's costs.

                                              BURCH, PORTER & JOHNSON

                                              BY:  /s/ Tannera George Gibson
                                                    Tannera George Gibson (BPR #27779)
                                                    Melisa Moore (BPR #28709)
                                                    130 North Court Avenue
                                                    Memphis, Tennessee  38103
                                                    Telephone: (901) 524-5000
                                                    Facsimile: (901) 524-5024

                                         *Attorneys for City of Memphis*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was forwarded via the Court's electronic filing system this 10th day of January, 2020 to counsel of record for this matter.

                                                                           /s/ Tannera George Gibson